*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-038

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| Jay M. Moody | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Family Division |
| | } | |
| Wendy Moody | } | DOCKET NO. 484-12-09 Wrdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Mother appeals from an order of the family court pertaining to certain aspects of the parent-child contact provisions of the divorce order. On appeal, mother argues that the order is an impermissible modification of the existing order because there is no unanticipated change of circumstances and it is not in the children's best interests. We affirm.

The parties were divorced in May 2012. They have two sons born in 2004 and 2006. As part of the final divorce order, mother was granted primary legal and physical parental rights and responsibilities, and father was given parent-child contact on alternating weekends from Friday at 5:30 pm to Sunday at 5 pm, and every other Wednesday overnight. The parties filed several post-trial motions. This appeal concerns father's motions to modify and enforce parent-child contact, and to clarify the final order based on his assertion that mother consistently enrolled the boys in sports activities that took place during father's scheduled parenting time. Father requested that the children not be enrolled in any activity that interferes with his parenting time unless the parties agree.

In a written order, the court found that the boys were interested in athletics and that mother had enrolled them in basketball in the winter, soccer in the fall, and baseball in the spring. Mother participates as a coach for both basketball and baseball. The activities take place mid-week, and some games occur on weekends. The court found that the activities were positive and beneficial to the children, but that they impacted the boys' quality time with father. The court concluded that "some clarification of the order is warranted, because the children's level of distress and discomfort is a real, substantial, and unanticipated circumstance that warrants some relief." The court ordered mother to refrain from enrolling the children in any additional sports activities aside from the three existing programs unless the parties agree or none of the practices or games would take place during father's time. The court further ordered that if the boys have a sports game on father's weekend, he may extend his time with the children until Monday morning. Mother appeals.

To modify an existing order regarding parental rights and responsibilities or parent-child contact, the court must first make a threshold finding that there has been a "real, substantial and unanticipated change of circumstances." 15 V.S.A. § 668(a); see Sundstrom v. Sundstrom, 2004 VT 106, ¶ 28, 177 Vt. 577 (mem.) (reiterating requirement of change of circumstances prior to

modification). The burden of showing changed circumstances to alter parent-child contact is lower than the heavy burden for changing custody. Hawkes v. Spence, 2005 VT 57, ¶ 20, 178 Vt. 161. If a change of circumstances is found, the court must then consider if a change is in the children's best interests. Sundstrom, 2004 VT 106, ¶ 37; see 15 V.S.A. §§ 668(a) (allowing court to "annul, vary or modify" an order if in child's best interests), 665(b) (listing best-interests factors). We afford the family court "substantial deference" in its decisions regarding parent-child contact, and we will reverse only "if the court exercised its discretion upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Chickanosky v. Chickanosky, 2012 VT 52, ¶ 17, 192 Vt. 627 (mem.) (quotation omitted).

On appeal, mother first argues that the court modified the final order without the requisite showing of an unanticipated change in circumstances. Although the trial court did not use those exact words, we read the order as finding a change of circumstances. The circumstances identified by the trial court was the distress and discomfort experienced by the parties' children. Mother argues that this change was not substantial or unanticipated because anxiety is an expected response to divorce. The evidence supports the court's finding that the children were experiencing distress beyond the anticipated emotional response to divorce. This evidence included that the boys were having nightmares and trouble sleeping, that the boys have been diagnosed with adjustment disorders as a result of the parents' inability to communicate, and that the boys have been negatively impacted by the parents' ongoing distrust and anger towards one another. Therefore, we conclude that the court did not abuse its discretion in finding that there was a change of circumstances. See Gates v. Gates, 168 Vt. 64, 67-68 (1998) (explaining that trial court has discretion in deciding whether a change of circumstances exists).

Mother also contends that modification was not in the children's best interests. Mother argues that the boys expressed fear and anger towards father during counseling sessions and therefore it is not in their best interests to spend more time with father. It was up to the court to weigh this evidence, and although the court acknowledged that mother testified that the children told her they were scared at father's home, the court did not credit this testimony. The court credited the therapist's testimony that the children feel in the middle of the parents' disputes and react negatively to the parents' criticisms of one another. The court further found that both parents love the children, and, although they have different parenting styles and expectations, they want the children to be happy and well adjusted. Finally, the court found that it was in the children's best interests to maintain father's contact with the children. The family court has broad discretion in determining the best interests of the children, and here the findings support the court's decision that it was in the children's best interests to limit further involvement in sports activities and have time with father until Monday morning in the event a sports activity interferes with father's daytime contact.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

2